Apsley agt. Wood.

## SUPREME COURT.

GEORGE E. APSLEY, appellant, agt. JOHN WOOD, respondent.

*Motion — to set aside judgment entered by default — When such motion which has been denied may be renewed — What are new and additional facts upon which such motion may be renewed.*

Upon the fourteenth day of December the plaintiff entered up a judgment against the defendant by default. The roll shows that the summons was served by one R. The defendant denied that he had been so served and made a motion to set aside the judgment for that reason. The affidavits were conflicting, and on a reference to take proof the referee reported that there had been no service of the summons. The special term denied the motion with leave to renew. The motion was renewed upon an affidavit which impeached the plaintiff's character, and upon the same papers which had been the basis of the former motion:

*Held*, that the statements in regard to plaintiff's character in defendant's additional affidavit were new and additional facts not considered in the former motion and entitled him to renew his motion to set aside the judgment.

*Second Department, General Term, September*, 1884..

*Before* BARNARD, *P. J.*, DYKMAN *and* PRATT, *JJ.*

APPEAL from two orders granted by Mr. justice BROWN, one dated February 28, 1883, denying a motion made by defendant to set aside a judgment entered against him December 14, 1882 ; the other, dated March 6, 1883, setting aside the same judgment on substantially the same state of facts.

The plaintiff appeals from the last named order and the defendant from the first. The facts are substantially as follows : On the 14th day of December, 1882, the plaintiff entered up a judgment against the defendant in Kings county for $3,161.44 by default. The judgment-roll showed that the summons in the action had been served on the defendant by one Samuel B. Rogers, his affidavit of service appearing on the back of said summons. The defendant denied that he had ever been served with a summons in the action, and claimed

that the affidavit of Rogers in that behalf was wholly false and made a motion to set aside the judgment for that reason. The affidavits were conflicting and the court ordered a reference to take proof. The referee reported the evidence, with his opinion that there had been no service of the summons on the defendant in the action. Motion to confirm the referee's report and to set aside the judgment was made at special term, based on the affidavits and the evidence taken and on said report. Said motion was denied by the court, with ten dollars costs of opposing same and all disbursements. The costs and disbursements adjudged against defendant, and which the order denying said motion required him to pay, amounted to seventy-five dollars. The court held that said summons had been duly served on the defendant, and that his evidence in denial thereof was wholly false. The order denying said motion contained the provision that "the defendant be allowed to apply to the court upon such other papers and affidavits as he may be advised to set aside said judgment and to defend." The defendant duly appealed from said order to the general term, and without paying or tendering the costs, immediately renewed the motion upon precisely the same state of facts and upon the same papers which were the basis of the former motion, and upon the additional affidavit of the defendant in which he charged plaintiff with various crimes and offenses, in substance, that "plaintiff had been arrested by various persons in Lockhaven, Pennsylvania, and in Boston, Massachusets," that he had been "arrested for larceny, false pretenses, embezzlement, forgery," &c. Except these vague charges made by the defendant himself, on his information and belief against the character of the plaintiff, no new or additional facts were presented in the second motion not heard and considered in the first. On the argument of the motion various preliminary objections were made by the plaintiff's counsel:

1. That the affidavit of merits was defective and did not conform to the rules of practice.

2. That defendant had not paid or tendered the costs of the former motion and was stayed till such payment.

3. That said motion being a non-enumerated motion must, under the rules of the supreme court, be noticed for the first day of the term, whereas this motion had been noticed for the second day of the term.

4. That the order to show cause did not state any reason for requiring a shorter notice than eight days.

5. That no irregularities were specified in the moving affida-vits, or in the order to show cause why the judgment should be set aside, and no reason or excuse given for opening the default.

6. That said motion was a renewal motion on the same state of facts as presented in the former motion already heard and denied by the court; that the denial of the former motion was a bar to the second or renewal motion, and conclusive of the facts here presented.

7. That the allegations in the moving affidavit of the defendant in regard to plaintiff's character, constituting the " new or additional facts," were incompetent, immaterial and inadmissible for any purpose; that they were scandalous, and the court was asked to suppress them and that the same be stricken from the record.

The objections were severally overruled, and the court granted an order setting aside the judgment on the sole ground that the statements in regard to plaintiff's character in defendant's additional affidavit were " new and additional facts " not considered in the former motion, thus clearly over-ruling a long line of decisions of general terms and of the court of appeals of this state.

*Anson B. Moore* and *Andrew J. Moore* (*Moore & Moore*), for plaintiff and appellant:

I. The preliminary objections made by the plaintiff to the motion were well taken and should have been sustained, and the motion denied.   1. The affidavit of merits was defective

Apsley agt. Wood.

and should have been adjudged invalid. It does not conform in any respect to the established rule of the court and is void. The defendant should swear in his affidavit of merits, on the " advice " of counsel, and not as in this case, that he has a good defense as he is " informed," &c. The rule is well settled that " unless the language of the affidavit strictly conforms to the rule of the courts, it will be treated as a nullity " (*Bretten* agt. *Peabody*, 4 *Hill*, 61, *and note; Brown* agt. *Miller*, 3 *Caines*, 97 ; *Richmond* agt. *Cowles*, 2 *Hill*, 359 ; *Swartwout* agt. *Hodge*, 16 *Johns.*, 3 ; *Carman* agt. *Titus*, 5 *Johns.*, 355). 2. The motion to set aside the judgment was based on the alleged fact of non-service of the summons. That was the only irregularity specified in the affidavits and order to show cause. That motion was denied with costs and disbursements to the plaintiff. The costs and disbursements amounted to seventy-five dollars. The defendant without paying or tendering the said costs, renewed the motion to set aside the judgment. The rule is well settled that where the costs of a motion are not paid, the party in default is absolutely stayed till the same are paid (*Sword* agt. *Wilson*, 3 *Abb. N. C.*, 50 ; *Lyons* agt. *Murat*, 54 *How.*, 23 ; *Thaule* agt. *Frost*, 1 *Abb. N. C.*, 297 ; *Code Civ. Pro.*, sec. 779 ; *see Throop's note to this section*). The non-payment of costs *ipso facto* stayed all proceedings on the part of the defendants. 3. This was a non-enumerated motion (*Rule* 38 ; *Hun's Court Rules*, 145). Non-enumerated motions can only be noticed for the first day of the term, and the notice " shall not be for a later day unless sufficient cause be shown and contained in the affidavits served, for not giving notice for the first day" (*See Rule* 21). The rule requiring a motion to be noticed for the first day of the term, is applicable to an order to show cause (*Power* agt. *Village of Athens*, 19 *Hun*, 165). This order to show cause is made returnable the second day of the term, and no excuse is given in the moving papers for not making the same returnable the first day of the term ( *Whipple* agt. *Williams*, 4 *How.*, 28 ; *Ogdensburgh Bank* agt. *Paige*, 2 *Code R.*, 67 ;

*Walrath* agt. *Keller, Id.,* 129 ; *Mayer* agt. *Apful,* 2 *Sweeny,* 729). 4. Neither the order to show cause or the affidavits presented, state any reason for requiring a shorter notice than eight days, as required by the rules of practice (*S. C. Rule* 37; *Code Civ. Pro., sec.* 780). 5. No irregularities are specified in the moving affidavits or order to show cause, for which the judgment should be set aside, and no reason or excuse given for opening the default (*Graham* agt. *Pinckney,* 2 *Hun,* 346 ; *Lewis* agt. *Graham,* 7 *Rob.,* 147 ; 16 *Abb.,* 126 ; 4 *Barb.,* 254 ; 25 *How.,* 190 ; 16 *Abb.,* 83 ; 22 *How.,* 476, 477; 26 *Barb.,* 409 ; 7 *How.,* 416 ; 2 *Code R.,* 79). It is sufficient ground for denying a motion to set aside a judgment, if no irregularity is specified in the notice of motion or order to show cause (*Lewis* agt. *Graham,* 16 *Abb. Pr.,* 126). A motion to set aside a summons for irregularity will be denied, with costs, where the notice of motion does not specify the grounds of the motion, or in what the irregularity consists (*Perkins* agt. *Mead,* 22 *How.,* 476, 477). 6. The statements in the moving affidavit of the defendant in regard to plaintiff's character were clearly incompetent, immaterial and inadmissible for any purpose. They were scandalous in the extreme and should have been stricken out on motion then and there made. The plaintiff was an attorney and counselor-at-law, an officer of the court, and was entitled to its protection. The statements therein were interposed for the purpose of disgracing and degrading the plaintiff and to prejudice the court against him and his rights, and were calculated to have that effect, and this court cannot see that it did not have the effect to induce the court below to set aside the judgment. The plaintiff had not been sworn as a witness, nor had he made an affidavit in opposition to the motion, hence the impeaching affidavit was incompetent evidence for any purpose. Evidence that a witness has been indicted for perjury and for forgery is inadmissible to impeach his credibility. (*Jackson* agt. *Osborn,* 2 *Wend.,* 555 ; *People* agt. *Gray,* 7 *N. Y. R.,* 378; 59 *Barb.,* 619 ; 49 *Barb.,* 342 ; *People* agt.

*Herrick*, 13 *Johns.*, 82; 1 *Greenl.*, 457–463; 15 *Hun*, 269; *Newcomb* agt. *Griswold*, 24 *N. Y.*, 298; *Opinion by* ALLEN, J.; 3 *Waite's Pr.*, 142; *Lee* agt. *Chadrey*, 3 *Keyes*, 225; *Warrell* agt. *Parmley*, 1 *N. Y.*, 519; *People* agt. *Wiley*, 3 *Hill*, 193; *Conway* agt. *Conway*, 6 *N. Y.*, 97; *La Beau* agt. *People*, 6 *Park. Crim. R.*, 371; *Varona* agt. *Scarros*, 8 *Abb.*, 302; *Griston* agt. *Smith*, 1 *Daly*, 380; *Reed* agt. *People*, 42 *N. Y.*, 270; *People* agt. *Crapo*, 76 *N. Y.*, 288; *Jackson* agt. *Lewis*, 13 *Johns.*, 504). 7. The plaintiff is regular in his practice. The defendant does not state any excuse or reason for opening the default; he does not assign any irregularity either in the judgment or execution, hence the judgment and execution should stand (*Moulton* agt. *De Macarty*, 6 *Robt.*, 470–472). If the rules of practice as laid down by this court are to be respected and accepted as a guidance for practitioners, then the foregoing preliminary objections should be upheld and sustained.

II. The motion to set aside the judgment and to defend the action should have been denied by the court below, and the order granted in pursuance thereof should be reversed. This is a renewal motion upon the same state of facts. It is a settled practice in this state that where a motion has been once heard, considered and denied, it cannot be renewed on the same state of facts. In *Mills* agt. *Thursby* (11 *How. Pr. R.*, 114), ROSVELT, J., says: "Where a motion has been fully considered and absolutely denied it cannot again be heard on the same state of facts. A party moving cannot bring forward his objections by installments." In the *People* agt. *Nurcine* (3 *Hill*, 416), COWEN, J., says: "A motion will sometimes be opened on the question being changed by new materials arising afterwards, but not otherwise. But if the facts remain essentially the same at the time of the application to renew that they were when the former motion was denied, the court will not allow the matter to be reheard on the merits" (*See Gatherhead* v. *Bromley*, 7 *T. R.*, 455; *Simpson* agt. *Hart*, 14 *Johns.*, 63; *Schuman* agt. *Weatherhead*,

1 *East*, 537; *Allen* agt. *Gibbs*, 12 *Wend.*, 202; *Dollfus et al.* agt. *Frosch*, 5 *Hill*, 493, note "*A*" to above case; *Hoffman* agt. *Livingston*, 1 *Johns. Ch.*, 211).

III. The defendant was bound to present in his first motion all necessary facts in his possession, or within his knowledge, to entitle him to any relief that he could or would be entitled to under any circumstances. No new state of facts being presented in the second motion not known to the defendant, and duly presented in the first, the second motion was properly met by the established practice that "a party complaining of any proceeding in a cause must embody all objections then existing in one motion. He cannot make a separate motion for each objection" (*Patterson* agt. *Bacon*, 21 *How.*, 478, opinion by INGRAHAM, J., 479; *Desmond* agt. *Wolf*, 1 *Code R.*, 49; 12 *Abb.*, 142; 19 *How.*, 412, 413). In *Schlemmes* agt. *Myerstein* (19 *How.*, 413), which was a renewal motion made in the supreme court for an attachment after, one had been granted at the marine court and set aside, LEONARD, J., says: "Nothing is shown to have occurred or come to the knowledge of the plaintiff or his agents to authorize the granting of an attachment since he applied for and obtained such a warrant in the marine court. The attachment in that court was vacated, after opposition and argument on the merits of the application, on the same state of facts now existing. The facts have been more fully presented in this court, but they are the same which then existed and might have been presented with the same care on the hearing of the motion in the marine court. No new case is here presented. The defendant is not to be continually vexed by the same application, nor are the same or different tribunals to hear and decide the same matters more than once. Motion denied, with ten dollars costs." In *Simpson* agt. *Hart* (14 *Johns.*, 72), PLATT, J., in delivering the opinion of the court in this case, involving the same principle, justly and eloquently says: "The court is not asked to interfere on the ground of newly discovered evidence. It is not a new fact, but merely an additional item

Apsley agt. Wood.

of evidence, * * * which additional fact existed prior to the motion, * * * and for ought that appears it was known to Simpson, and the evidence of it completely in his power at the time of his application to the mayor's court, but of which it seems he did not then choose to avail himself. No doubt," says the learned judge, " a rehearing may enable a party to come better prepared. He may give additional evidence and urge new arguments upon the point in litigation; but pitiable indeed would be the condition of suitors if these were deemed sufficient grounds, not merely for a new trial but for a new suit in another court of concurrent-jurisdiction. Vexation, expense and delay would be infinite under such a rule. Justice instead of being seated on a stable throne would become an *ignus fatuous*, tantalizing her followers by continually eluding her grasp." In *Smith* agt. *Spalding* (3 *Robt.*, 615), in delivering the opinion of the court, ROBERTSON, J., says: "Motions may be reheard on leave on special occasions, but not on the same state of facts." The above is a general term decision, and the court cites with approval the following cases: *Fenton* agt. *Lumberman's Bank* (*Clarke*, 360); *Mills* agt. *Thursby* (11 *How. Pr.*, 114). "A motion can only be renewed upon new grounds and not upon mere additional or cumulative papers" (*Bascom* agt. *Feazler*, 2 *How.*, 16; *Roy* agt. *Conner*, 3 *Edw. Ch.*, 479). "Leave to renew a motion will not be granted to enable a party to present facts which were known to him at the time of his original motion" (*Lovell* agt. *Mastin*, 12 *Abb.*, 178). "A motion once denied cannot be renewed as a matter of right, except upon a different state of facts arising subsequent to the decision of the former motion" (*Bank of Havana* agt. *Moore*, 5 *Hun*, 624; *Bolls* agt. *Duff*, 56 *Barb.*, 567; 38 *How.*, 492; 7 *Abb.* [*N. S.*], 385; 52 *Barb.*, 637; 6 *Abb.* [*N. S.*], 442; *Riggs et al.* agt. *Russell et al.*, 74 *N. Y.*, 370).

IV. The court below having held as matter of fact that the summons in the action had been duly served on the defendant, and that the defendant's evidence in denial thereof was will-

fully and wickedly false, his moving affidavits, or any evidence of his as to a defense on the merits, should have been disregarded. The letter and spirit of the Latin maxim should have been, and should be, fully and forcibly applied to the defendant and to his defense in this action, *falsus in uno, falsus in omnibus.* It is submitted that if long established rules and well considered legal precedents have any binding force or consideration in this court the order setting aside the judgment will be reversed.

*E. D. Childs* and *C. M. Stafford,* for defendant and respondent:

I. The granting of the order appealed from by the plaintiff rests in the legal discretion of the judge before whom the action was made and decided, and being a discretionary order, it is not appealable (*Martin* agt. *Gould,* 41 *Supr. Ct.* [*J. & S.*], 544; *Mead* agt. *Mead,* 2 *E. D. Smith,* 223; *Churchill* agt. *Mallison,* 2 *Hilt.,* 70; *Balton* agt. *Depeysler,* 3 *Code R.,* 141; *Carpenter* agt. *Carpenter,* 4 *How. Pr.,* 139).

BARNARD, *P. J.* — This appeal is based upon an apparently contradictory decision at special term upon the same substantial facts. Upon the 14th day of December, 1882, the plaintiff entered up a judgment against the defendant for $3,161.44 by default. The roll shows that the summons was served by one Rogers. The defendant denies that he had been so served, and made a motion to set aside the judgment for that reason. The affidavits were conflicting and the court ordered a reference to take proof. The referee reported that there had been no service of the summons. The special term denied the motion with a leave to renew. The motion was renewed upon an affidavit which impeached the plaintiff's character, and upon the same papers which had been the basis of the former motion. The court set aside the judgment so far as to permit an answer to be served. The defendant did answer and the plaintiff appealed; the defendant then appealed from the order refusing to set aside the judgment. The

plaintiff moves to dismiss that appeal because the defendant renewed the motion and took a benefit under the subsequent order, and is therefore bound to submit to the former order. Upon the appeal from the second order by plaintiff, he claimed to reverse that because the rehearing was improper upon the same fact. If the second order is reversed because it was improper to have the motion a second time heard, and the appeal from the first order by the defendant is dismissed because he is estopped by the second order, the defendant will be without the power to present his case upon appeal. We think the claim made by plaintiff as to the illegality of the renewal motion untenable.

. The right to renew was reversed by the order denying the first motion. The additional affidavit of defendant did furnish new facts of weight upon the renewed motion. The plaintiff was stated to be a person likely to procure a false affidavit of service. That he had a bad character; had been arrested for crime and had been found guilty of procuring a deed by fraud. The report of the referee is abundantly sustained by the evidence. The parties to the occurrence disagree. Rogers says he served the paper, Wood denies the service. The surrounding facts are in favor of defendant's testimony.

Rogers was a real estate broker and not a person who was accustomed to serve papers. The claim is a large one, and the plaintiff delayed some three months after he could have entered judgment. Rogers says he served two papers at the same time, one was the summons in this case and the other a summons and complaint in the Kings county court. The defendant employed an attorney in due time to defend in the county court, and although he denies any debt in this case, and although he had a store well stocked in Brooklyn in his possession, he waited until the sheriff came with the execution before making any defense. Although the report of the referee is not subject to as strict a rule in respect to the result upon the disputed question of fact upon issues tried, yet the

report should stand even if only fairly supported by the evidence. A referee has the benefit of the aid derived from the inspection of the witnesses, and of their manner upon the stand as well as upon the trials of issues in actions. Assuming that the defendant had failed to remember the service, he was still entitled to answer if he had a defense; but we think the summons was never served, from the evidence and report of the referee.

The order should be modified by striking out the request upon plaintiff's part to refer. It should be left optional with him to refer or not. As thus modified, this order appealed from is affirmed, with costs and disbursements. The appeal taken by defendant from the denial of the motion to set aside the judgment should be dismissed, with costs.

PRATT and DYKMAN, JJ., concur.